# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE KYLE TALKSABOUT,<br><br>Defendant. | CR-10-79-GF-DLC-RKS-01<br><br>FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE |

## I. Synopsis

Mr. Talksabout was charged with violating his supervised release conditions by consuming alcohol and associating with a convicted felon. He admitted to the violation. Mr. Talskabout's supervised release should be revoked. He should be incarcerated for six months, with 30 months supervised release to follow.

## II. Status

Mr. Talksabout plead guilty in 2011 to Involuntary Manslaughter. Doc. 24. The offense arose from a fatal car accident in which Mr. Talksabout was driving while intoxicated. Doc. 19. Mr. Talksabout was sentenced to 37 months imprisonment and three years supervised release. Doc. 25. He began the

supervised release period on July 5, 2013. Doc. 29. In August 2013, Mr. Talksabout's probation officer filed a Report on Offender Under Supervision, alleging that Mr. Talksabout had violated release conditions by consuming alcohol, but recommending continued supervised release. Doc. 28.

**Petition**

The United States Probation Office filed a petition on Dec 12, 2013, requesting revocation of Mr. Talksabout's supervised release. The petition alleged that Mr. Talksabout had violated Special Condition 4, prohibiting alcohol consumption, and Standard Condition 9, forbidding association with a convicted felon. According to the petition, law enforcement officers responded to a report of a woman screaming for help on December 8, 2013. The officers forced their way into the apartment where the woman was screaming. Mr. Talksabout about and another man, who was later determined to be a convicted felon, fled. Mr. Talksabout successfully eluded the officers, but later told his probation officer he was with a convicted felon and under the influence of alcohol at the time of the incident. The woman screaming for help had been in an altercation with someone else at the residence. Doc. 29. Based on the petition, the undersigned issued a warrant for Mr. Talksabout's arrest. Doc. 30.

**Initial appearance**

Mr. Talksabout was arrested on December 12, 2013. Doc. 31. He appeared before the undersigned on December 17. Mr. Talksabout was accompanied by Federal Defender R. Henry Branom, who was appointed as counsel. The United States was represented by Assistant United States Attorney Laura Weiss. Mr. Talksabout said he had read the petition and understood the allegations. Ms. Weiss warned Mr. Talksabout that he could be incarcerated for up to 24 months if his supervised release is revoked. Mr. Talksabout waived his right to a preliminary hearing. Doc. 32.

The undersigned informed Mr. Talksabout that a revocation hearing would be held, and based on that hearing a recommendation would be made to United States District Judge Dana Christensen, who will decide whether to revoke his supervised release and, if appropriate, impose a sanction. Mr. Branom said he and Mr. Talksabout were prepared to proceed immediately to the revocation hearing. Ms. Weiss was also prepared to proceed, so the revocation hearing commenced. Doc. 32.

**Revocation hearing**

Mr. Talksabout was present at the revocation hearing with Mr. Branom. Ms. Weiss represented the United States. Mr. Talksabout admitted to violating his

conditions of supervised release, as alleged in the petition.

The undersigned believes Mr. Talksabout's admissions establish violations. Mr. Talksabout appeared to make the admissions knowingly and after consultation with his attorney. The violations merit revocation of Mr. Talksabout's supervised release because they were deliberate violations of two conditions, after a warning for alleged non-compliance.

Mr. Talksabout's violation grade is C, his criminal history category is I, and the underlying violation is a Class D felony. He could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. U.S. Guidelines Manual, Ch. 7. Mr. Talksabout could be ordered to remain on supervised release for up to 36 months, less any custodial time imposed. Mr. Branom and Ms. Weiss agreed with that statement of potential penalties.

Mr. Branom requested a sanction of incarceration within the guideline range. Mr. Branom said Mr. Talksabout has successfully endeavored to rehabilitate himself. Mr. Talksabout completed a 500-hour substance abuse program during his incarceration, then maintained employment and pursued additional substance treatment during his supervised release. Mr. Branom explained that Mr. Talksabout's alcohol violation was the sort of relapse common to alcoholism, and

that the felon with whom Mr. Talksabout was a co-worker who lived in a neighboring apartment (though Mr. Branom acknowledged that the violation was a deliberate social interaction). Mr. Branom argued that it's too early to "throw in the towel" on Mr. Talksabout, who is a young man with a proven determination to improve himself.

Mr. Talksabout addressed the court. He explained that he had moved away from his reservation community to find work and improve himself, and that he did maintain employment during his supervised release. Mr. Talksabout asked for another chance.

Mr. Weiss requested a sanction of imprisonment at the high end of the guideline range and continued supervised release. She noted that Mr. Talksabout's underlying offense involved alcohol, but even the loss of a life in that incident did not convince Mr. Talksabout to stop drinking. Ms. Weiss also argued that Mr. Talksabout's conduct related to the violations at issue was egregious and troubling.

## Analysis

Mr. Talksabout should be ordered into custody for 6 months, with 30 months supervised release to follow. Mr. Talksabout admitted violating his conditions of supervised release despite a previous formal warning for alleged non-compliance.

Mr. Talksabout's continued use of alcohol is disappointing because his alcohol abuse has already claimed a life. His choice to associate with a convicted felon, under troubling circumstances, demonstrates poor decision making and casts doubt on his dedication to rehabilitation.

On the other hand, Mr. Talksabout deserves recognition for successfully completing an extensive substance abuse treatment program during his incarceration and while on release. His steady employment during supervised release does show an effort and ability to abide by the law and function as a productive community member. Though Mr. Talksabout's underlying offense and violations are serious, they appear to arise from an ongoing substance abuse problem rather than a proclivity toward violence.

Six months of incarceration will adequately punish Mr. Talksabout and impose upon him the seriousness of release conditions, but is not excessive. The undersigned is confident that Mr. Talksabout will continue to make efforts to improve himself, and hopeful that he will make more careful choices with regard to his relationships.

Supervised release should be continued for the maximum allowable term. Mr. Talksabout's abuse of alcohol poses a danger to the community. Mr. Talksabout did show some ability to comply with supervised release conditions,

and continued supervision is likely to help Mr. Talksabout refrain from alcohol abuse in the future. By doing so, supervision will benefit both Mr. Talksabout and the community.

## Conclusion

Mr. Talksabout was informed that the sanction described above would be recommended to Judge Christensen, who will ultimately decide whether to revoke supervised release and what, if any, sanction to impose. Mr. Talksabout was advised that he has a right to object to the Findings and Recommendations within 14 days of their issuance, and that Judge Christensen will not make his decision without considering Mr. Talksabout's objection if it is properly filed within the alloted time.

The Court makes the following **FINDING:**

1. Mr. Talksabout violated Special Condition 4 of his supervised release by consuming alcohol on or about December 8, 2013.

2. Mr. Talksabout violated Standard Condition 9 of his supervised release by associating with a convicted felon on or about December 8, 2013.

The court **RECOMMENDS:**

1. The District Court enter the attached Judgement, revoking Mr. Talksabout's supervised release and committing Mr. Talksabout to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, with 30 months supervised release to follow.

2. The District Court should continue those conditions of supervised release previously imposed, as fully set forth in the attached Judgment.

### NOTICE OF RIGHT TO OBJECT TO
### FINDINGS & RECOMMENDATIONS AND
### CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 20th day of December, 2013.

*Keith Strong*
Keith Strong
United States Magistrate Judge