IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-79-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| SHANE KYLE TALKSABOUT, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Talksabout of violating his conditions of supervised release by (1) submitting a urine and breath sample that tested positive for alcohol, (2) failing to report for substance abuse treatment, and (3) failing to report for substance abuse testing. He admitted to the violations. Mr. Hall's supervised release should be revoked. He should be sentenced to incarceration until his original discharge date of April 14, 2107, with no supervised release to follow.

## II. Status

Mr. Talksabout pleaded guilty to involuntary manslaughter on December 2, 2010. (Doc. 21.) United States District Court Judge Sam E. Haddon sentenced him to thirty-seven months of custody and thirty-six months of supervised release. (Doc. 25.)

The Court revoked Mr. Talksabout's supervised release on January 8, 2014, because he repeatedly used alcohol and had unauthorized contact with a felon. (Doc. 38.) The Court sentenced him to six months in custody, with thirty months of supervised release to follow. (*Id.*)

The Court again revoked Mr. Talksabout's supervised release on November 24, 2014, because Mr. Talksabout repeatedly used alcohol and had an alcohol related arrest. While in custody on the arrest, he struck two law enforcement officers in an escape attempt. (Doc. 55.) The Court sentenced him to fourteen months in custody, with sixteen months of supervised release to follow. (*Id.*) Mr. Talksabout began his current term of supervised release on December 15, 2015.

The United States Probation Office filed a Report on Offender Under Supervision on September 27, 2016, addressing Mr. Talksabout's alcohol use. (Doc. 58.) The Court allowed him to continue his supervised release.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on January 19, 2017, alleging that Mr. Talksabout violated the terms of his supervised release by (1) submitting a urine and breath sample that tested positive for alcohol, (2) failing to report for substance abuse treatment, and (3) failing to report for substance abuse testing. (Doc. 62.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for his arrest. (Doc. 63.)

**Initial appearance**

Mr. Talksabout appeared before the undersigned on January 24, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Talksabout said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Talksabout admitted that he violated the conditions of his supervised release as alleged in the petition. The violations are serious and warrant revocation of his supervised release.

Mr. Talksabout's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class D felony. He could be incarcerated for up to twenty-four months and ordered to remain on supervised release for sixteen months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of custody until April 14, 2017, with no supervised release to follow. Ms. Betley agreed with Mr. Gallagher's recommendation. Mr. Talksabout addressed the Court and acknowledged that he had been doing well, but that things fell apart during the last week.

### III.  Analysis

Mr. Talksabout's supervised release should be revoked because he admitted violating its conditions. Mr. Hall should be sentenced to custody until April 17, 2017, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Talksabout was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned

explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Shane Kyle Talksabout violated the conditions of his supervised release by (1) submitting a urine and breath sample that tested positive for alcohol, (2) failing to report for substance abuse treatment, and (3) failing to report for substance abuse testing.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Talksabout's supervised release and committing him to the custody of the United States Bureau of Prisons until April 14, 2017, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 25th day of January 2017.

_____
John Johnston
United States Magistrate Judge